IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-00134-FL

| | |
|---|---|
| MOORISH HOLY TEMPLE OF SCIENCE OF THE WORLD, ASARU ALIM NU TU'PAK EL-BEY, and KHADIRAH MA'AT TU'PAK EL-BEY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>B.J. TERRY, *Sanford Police Department*, and WAYNE BROWN *of Bowen Garage*,<br><br>　　　　Defendants. | **ORDER AND MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court on the motions to proceed *in forma pauperis* filed by Plaintiffs Asaru Alim Nu Tu'pak El-Bey ("Asaru El-Bey") and Khadirah Ma'at Tu'pak El-Bey ("Khadirah El-Bey") (collectively, the "El-Beys") and for frivolity review. [DE- 1 & 2.]

No application to proceed *in forma pauperis* was filed on behalf of the Moorish Holy Temple of Science of the World. Furthermore, the Moorish Holy Temple of Science of the World is an "artificial entity" and, therefore, may not proceed *in forma pauperis*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993) (holding that only a "natural person" and not an "artificial entity" may qualify for *in forma pauperis* status). Therefore, to the extent Plaintiffs are seeking to proceed *in forma pauperis* on behalf of the Moorish Holy Temple of Science of the World, that request is **DENIED**.

Both Asaru El-Bey and Khadirah El-Bey filed individual applications for *in forma pauperis* status. Based on a review of the financial information provided in their applications, the Court finds that they have demonstrated appropriate evidence of inability to pay the required court costs and

their applications to proceed *in forma pauperis* are **GRANTED**.

Notwithstanding the determination that the El-Beys are entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32. After careful review of Plaintiffs' complaint, and giving due consideration to Plaintiffs' *pro se* status, it is recommended that the complaint be dismissed.

## STATEMENT OF THE FACTS

Plaintiffs filed a form complaint accompanied by a 19 page typewritten supplement that contains a significant amount of disjointed information. It does, however, provide the following short and plain statement of facts:

> On December 26th 2007, around 8:30 pm, Officer BJ. TERRY stopped my wife and I, in our private automobile, a Jimmy GMC 1996; near Makepeace Street in Sanford, Lee County. North Carolina.. The charges against Jamie Royster Ryan El-Bey (Khadirah Ma'at Tu'pak El-Bey, the Secured Party and Authorized Representative) for allegedly violating G.S. 20-7(A) [operating a vehicle without a license], G.S. 20-313 [operating a vehicle without insurance], G.S. 20-313(A), G.S. 20-111(1) [operating an unregistered vehicle] and G.S. 20-34 [allowing operation of

2

a vehicle by unlicensed person or in violation of law]) were all disposed of in District Court on 02-18-08. The charges against Le'Ander Jerome Dancy El-Bey (Asaru Alim Nu Tu'pak El-Bey, the Secured Party an Authorized Representative) for allegedly violating G.S. 20-7(A), G.S. 20-313 and G.S. 20-313(A) were all dismissed in Superior Court early 2009. Therefore, we move forward in the Federal District Court seeking civil remedy.

Supplement to Compl. at 4 (errors in the original) [DE-1-2].[1] The El-Beys characterize themselves as Moorish-American nationals and members of the Washitaw nation, *id.* at 2-3, and they reside in Warrenton, North Carolina, Compl. at 1 [DE-1-1]. They appear to seek relief under 42 U.S.C. §§ 1983 and 1985 for violations of various constitutional and statutory rights, but chiefly claim that their right to travel was violated, and they seek $1,300,000.00 in damages. *Id.* at 1, 3; Supplement to Compl. at 19.

## DISCUSSION

While not entirely clear, it appears that the El-Beys are asserting that their right to travel as indigenous people, i.e., Moorish-American nationals or members of the Washitaw nation, was violated when Officer Terry cited them during a traffic stop for various violations of North Carolina's license and registration requirements. Plaintiffs raise claims against two defendants, Officer Terry and Wayne Bowen. There are no factual allegations against Bowen in either the complaint or the supplement thereto; thus, he should be dismissed from the action, because Plaintiffs have failed to sufficiently plead any claim for relief against him. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("The duty of fair notice under Rule 8(a) [] requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief."). With respect

---

[1] It is unclear whether Jamie Royster Ryan El-Bey is an alias of Khadirah Ma'at Tu'pak El-Bey and whether Le'Ander Jerome Dancy El-Bey is an alias of Asaru Alim Nu Tu'pak El-Bey or whether Khadirah and Asaru El-Bey are attempting to assert claims on behalf of third-parties as their "authorized representatives." Supplement to Compl. at 4. This issue need not be addressed, because the claims asserted are frivolous and/or time-barred.

to the claims against Officer Terry, they should be dismissed as frivolous, as they have no arguable basis in the law or, alternatively, are time-barred.

The right to travel, which Plaintiffs allege was violated when they were cited for license and registration violations, generally addresses the freedom to travel freely from one state to another. The Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). The right to travel is not the right to flout a State's license and registration laws. *See Bey v. Ohio*, No. 1:11-cv-1213, 2011 WL 5024188, at *4 (N.D. Ohio Oct. 19, 2011) (concluding that the right to travel "does not mean citizens are exempt from complying with traffic laws") (citing *Saenz*, 526 U.S. at 500). Accordingly, the Court finds Plaintiffs' claim that their right to travel was violated is frivolous, because it has no arguable basis in the law. *Neitzke*, 490 U.S. at 325.

Additionally, Plaintiffs' claims are frivolous to the extent they are based on the theory that the license and registration laws of North Carolina do not apply to them due to their claimed status as Moorish nationals. *See El-Bey v. City of Greensboro*, No. 1:10-cv-572, 2011 WL 4499168, at *2 (M.D.N.C. Sept. 27, 2011) ("Despite his contention to the contrary, Plaintiff is not immune to the laws of the States and the United States. . . . Just like any other person who is driving a car in North Carolina, he must have a valid driver's license and current registration."). This Court has previously rejected this theory and dismissed on frivolity review cases nearly identical to this case that were filed by these same Plaintiffs. *See El-Bey v. City of Raleigh Police Dep't*, No. 5:11-cv-

4

275-BO (E.D.N.C. Aug. 18, 2011) (dismissing on frivolity review claims by these same Plaintiffs related to a traffic stop where they were cited for, among other things, displaying a fictitious registration and plate), *aff'd* No. 11-2026 (4th Cir. Nov. 17, 2011); *Moorish Holy Temple of Science of the World, Temple 2 v. City of Raleigh Police Dep't*, No. 5:10-cv-503-BO (E.D.N.C. Apr. 2, 2011) (same). Other Courts have dismissed similar matters on frivolity review. *See City of Greensboro*, 2011 WL 4499168 (recommending dismissal of similar claims arising out of a traffic stop in which plaintiff was cited for driving without a license and/or driving with an expired registration), *adopted by* No. 1:10-cv-572 (M.D.N.C. Mar. 20, 2012) (dismissing claims); *cf. El-Bey v. North Carolina Bd. of Nursing*, No. 1:09cv753, 2009 WL 5220166, at *1-2 (M.D.N.C. Dec. 31, 2009) (recommending dismissal of all claims as frivolous or for failure to state a proper claim for relief), *adopted by* 2010 WL 3283070 (M.D.N.C. Aug. 19, 2010) (dismissing claims); *Bybee v. City of Paducah*, 46 F. App'x 735, 736-37 (6th Cir. 2002) (finding that the "Nation of Washitaw" is "fictional"); *El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (rejecting contention that plaintiff was immune from the laws of the United States because she was "indigenous Washitaw Naga Moor").

Furthermore, Plaintiffs' claims appear to be time-barred. Section 1983 provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983. The federally protected rights alleged to have been violated here are both constitutional (the First, Fourth, Fifth, Ninth, and Fourteenth Amendments) and statutory (18 U.S.C. §§ 241 (conspiracy against rights), 872 (extortion), 1001 (false statements), 1963 (racketeering), 3571 (fines) and 3623 (transfer of prisoner)). There is no federal statute of limitations for § 1983 actions. However, the parallel state statute of limitations for personal injury

5

Case 5:12-cv-00134-FL   Document 5   Filed 05/11/12   Page 5 of 7

torts applies. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for personal injury actions in North Carolina is three years. N.C. Gen. Stat. § 1-52(5). An action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Smith v. McCarthy*, 2009 WL 3451714, at *3, 349 Fed. App'x 851 (4th Cir. Oct. 28, 2009). In the present case, the El Beys assert that their rights were violated by Officer Terry during a traffic stop on December 26, 2007. Accordingly, the statute of limitations would have run on their § 1983 claims in 2010; therefore, those claims are time-barred. Likewise, any claims under § 1985 are time-barred, because the same statute of limitations applies to claims under §§ 1983 and 1985. *McHam v. North Carolina Mut. Life Ins. Co.*, No. 1:05CV01168, 2007 WL 1695914, at *2 (M.D.N.C. June 11, 2007).

Finally, it is noted that there are several deficiencies in Plaintiffs' filings, including but not limited to the inclusion of a minor's name in the *in forma pauperis* applications, failure by Khadirah El-Bey to sign the proposed complaint, and failure to submit a summons for each Defendant, all of which would also be grounds to reject the applications and proposed complaint.

## CONCLUSION

Any purported application to proceed *in forma pauperis* of The Moorish Holy Temple of Science of the World is **DENIED**, and the applications to proceed *in forma pauperis* of Asaru Alim Nu Tu'pak El-Bey and Khadirah Ma'at Tu'pak El-Bey are **GRANTED**. However, it is **RECOMMENDED** that the complaint be **DISMISSED** on frivolity review. The Clerk is **DIRECTED**, pursuant to Rule 5.2(f) of the Federal Rules of Civil Procedure, to seal both original *in forma pauperis* applications in order to protect the identity of the minor and to redact the minor's name in copies of the applications made accessible to the public.

6

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiffs, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 10th day of May 2012.

_____
DAVID W. DANIEL
United States Magistrate Judge